IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John E. Wilson, Jr., #295493, ) | C/A NO. 9:08-2199-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Sharon Patterson, Hearing Officer DHO; ) | |
| C. James, Grievance IGC; NFN Miller, ) | |
| Grievance IGC; Warden Padula; ) | |
| Associate Warden Bell, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On July 16, 2008, the Magistrate Judge issued a Report recommending that this matter be construed as a petition for writ of habeas corpus and dismissed for failure to exhaust administrative remedies. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the ultimate conclusion of the Magistrate Judge. In light of the applicable legal authority, Plaintiff chose the wrong path when he submitted a complaint pursuant to § 1983 rather than a habeas corpus petition pursuant to 28 U.S.C. § 2254. Therefore, this matter should be dismissed without prejudice and without issuance and service of process. The court declines to re-construe this matter as a petition for writ of habeas corpus, as Plaintiff may re-file this matter as a petition if he is so inclined.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 9, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\08-2199 Wilson v. Patterson.wpd